# E. W. Rugg *v.* The State.

## (*Nashville.*   December Term, 1918.)

1. **INDICTMENT AND INFORMATION.** Misdemeanors. Description of offense.

    In Indictment for misdemeanors, a substantial description of the offense is required to reasonably identify the offense for which the defendant is being prosecuted. (*Post, pp.* 367, 368.)

    Acts cited and construed:   Acts 1913, ch. 35.

    Cases cited and approved:   Bilbro v. State, 26 Tenn., 534;   State v. Pennington, 40 Tenn., 119.

    Case cited and distinguished:   State v. Woodson, 24 Tenn., 55.

2. **WEIGHTS AND MEASURES.** Criminal prosecution. Sufficiency of indictment.

    Indictment for selling, offering, and exposing for sale a commodity by measure numerically less than the quantity represented, in violation of Pub. Acts 1913 (1st Ex. Sess.) chapter 35, not stating the names of the person or persons to whom the alleged sales or offers to sell were made, *held* insufficient. (*Post, pp.* 368, 369.)

    Code cited and construed:   Sec. 6734 (T.-S.).

3. **ELECTRICITY.** Use of false meter. Sufficiency of indictment.

    An indictment for using false meter in supplying town with electrical current in violation of Thompson's Shannon's Code, section 6734, whics fails to state that such use was with intent to defraud, is insufficient;   such intent being the gravamen of the offense. (*Post, pp.* 369, 370.)

    Cases cited and approved:   Harrison v. State, 42 Tenn., 234;   State v. Ladd, 32 Tenn., 226;   Morrow v. State, 29 Tenn., 120;   Whiteside v. State, 44 Tenn., 182.

4. **ELECTRICITY.** Interference with testing of meter. Sufficiency of indictment.

    Indictment charging interference by defendant with the sealing and testing of electric meters by deputy and assistant state sealer of

weights and measures, in violation of Pub. Acts 1913 (1st Ex. Sess.), chapter 49, section 9, *held* sufficient without stating the location of the meters alleged to have been changed or tampered with by defendant and the manner in which they had been changed or tampered with. (*Post, pp.* 370, 371.)

5. **ELECRICITY. Tampering with meter. Criminal prosecution. Sufficiency of evidence.**

In a prosecution for tampering with or changing electric meters before they could be tested by assistant state sealer of weights and measures, in violation of Pub. Acts 1913 (1st Ex. Sess.), chapter 46, section 9, evidence of the assistant sealer and superintendent of weights and measures that the meters had been tampered with or changed by defendant before they could be tested, where such facts were not of his own knowledge, but merely from information, was insufficient to sustain conviction. (*Post, pp.* 371, 372.)

---

FROM TROUSDALE.

---

Appeal from the Criminal Court of Trousdale County. —HON. J. N. FISHER, Special Judge.

WILLARD N. SMITH, for appellant.

CHARLES L. CORNELIUS, Assistant Attorney-General, for the State.

MR. JUSTICE HALL delivered the opinion of the Court.

The defendant below, E. W. Rugg, was indicted in the circuit court of Trousdale county at its March term, 1918, the indictment containing three counts. The first count is as follows:

"The grand jurors for the State of Tennessee upon their oaths present that E. W. Rugg heretofore, on the

1st day of March, 1918, in the State an county aforesaid, did unlawfully sell and offer and expose for sale a commodity, viz., electric current for lighting and other purposes, which was by measure and numerical count less than the quantity he represented the same to be, against the peace and dignity of the State.''

The second count reads as follows:

''And the grand jurors aforesaid upon their oaths aforesaid further present that E. W. Rugg, on the date aforesaid, and in the State and county, aforesaid, did unlawfully by himself and as servant and agent for another, to wit, as agent for Hartsville Light & Ice Company, a corporation supplying the town of Hartsville, Tenn., with electric current for lighting and other purposes use a false measure or measuring device commonly called a meter, used for measuring the amount of electric current furnished a consumer of same, in selling a commodity, viz., electric current used for lighting and other purposes in homes and shops in said town of Hartsville, Tenn., for hire and reward against the peace and dignity of the State of Tennessee.''

The third count is in words as follows:

''And the grand jurors aforesaid upon their oath aforesaid further present that E. W. Rugg, on the date aforesaid, in the State and county aforesaid, did unlawfully hinder and obstruct and interfere with one D. J. Frazier, a deputy and assistant State sealer of weights and measures, while in the performance of his official duties, viz.: The said D. J. Frazier, being engaged in sealing and testing meters used by householders and shopkeepers in the town of Hartsville, Tenn., for measuring electric current being furnished in said town by

the Hartsville Light & Ice Company, notified said Rugg that he was so engaged in said work and to refrain from changing or in way tampering with any meters in the said town until the said work was complete in order that the said meters might be tested as to whether the same had been registering correctly the amount of current being consumed, when the said Rugg, knowing that said official was so engaged in the discharge of his said official duties, and in order to hinder, interfere with, and obstruct said official in same, tampered with and changed divers and numerous meters in said town before said official could test and inspect same, against the peace and dignity of the State.''

The defendant made a motion to quash each of the counts of said indictment. The motion sought to quash the first count because it failed to designate or aver the names of the person or persons to whom the sale or sales, or offers of sale, of electric current, which was, by measure, less than the quantity he represented the same to be.

The motion challenged the sufficiency of the second count upon the ground that it failed to aver that the defendant knowingly, and with the intent to defraud, used a false measure or measuring device for measuring the quantity of electric current sold by him.

The motion challenged the sufficiency of the third count, because it failed to specify the meters alleged to have been changed or tampered with by the defendant, or their location, and also failed to aver in what manner or how said meters were tampered with and changed.

The motion to quash was overruled by the trial judge. Whereupon the defendant demurred to said indictment, assigning five grounds, all presenting the same question,

however, and that is: Does the statute upon which the first count is predicated apply to the sale, or exposing to sale, of electric current as a commodity measured by a device known as a meter?

The trial court was of the opinion that it did, and overruled the demurrer. Thereupon the defendant pleaded not guilty to said indictment, and was tried before a jury at the August term of said court, 1918, when a verdict was returned finding him guilty upon each of the counts of the indictment. His motion for a new trial having been overruled, he has appealed to this court, and has assigned errors.

The first assignment of error relates to the ground of the motion to quash the first count of the indictment. It is insisted by the defendant that this count should have been quashed, because the indictment fails to aver the names of the person or persons to whom the alleged sale or sales, or the offers to sell, were made; it being insisted that this averment was essential to a proper description of the offense, and to give the defendant reasonable notice of the offense which he was cal'ed on to defend himself, and to enable him to properly make his defense.

The first count of said indictment is predicated upon chapter 35 of the Public Acts of the General Assembly of 1913 (1st Ex. Sess.) which is an act to prevent frauds in the weight, measure, or numerical count of articles sold or offered for sale in the State, and making the violation of said act a misdemeanor. The first section of said act reads as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that any person who, by himself or by his servant or agent, shall sell, offer, or ex-

pose for sale, any quantity of any commodity which is by weight, measure, or numerical count less than the quantity which he represents same to be, shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than $10 nor more than $50 for the first offense, and for subsequent offenses not less than $50 nor more than $100, or shall be imprisoned in the county jail not more than ninety days, or both such fine and imprisonment: Provided, that the state superintendent of weghts and measures and the state sealer of weights and measures shall jointly fix and determine reasonable variations for all classes of commodities; and no penalties for violation of this act shall be imposed when the variation in weight, measure, or numerical count does not exceed the reasonable variation so fixed: Provided, further, that the said state superintendent and state sealer shall give the reasonable variations so established all possible publicity throught the public press and through bulletins of their offices.''

Section 2 reads:

''Sec. 2. Be it further enacted, that the grand juries of the several counties of the State shall have inquisitorial power over said offenses, and the judges of the several criminal courts and circuit courts having criminal jurisdiction shall especially charge this law to the grand juries of the several counties of the State.''

In indictments for misdemeanors a substantial description of the offense is required to reasonably identify the offense for which the defendant is being prosecuted. This is necessary in order that he may know whereof he is accused and may prepare his defense, and in the event of a subsequent prosecution that it may be made to appear whether he is being prosecuted twice

for the same offense. *Bilbro* v. *State,* 7 Humph., 534; *State* v. *Pennington,* 3 Head, 119; *State* v. *Woodson,* 5 Humph., 55.

In the case of *State* v. *Woodson,* last cited above, the defendant was indicted for keeping "certain false weights for weighing iron, goods, wares, and merchandise by him sold in the way of his trade." The indictment charged:

That the defendant, "well knowing said weights to be false, did willfully, falsely, and fraudulently sell to divers persons iron, goods, wares, and merchandise which, by reason of having been weighed with said false weights, were very much deficient and short of the true and just weight."

To this indictment the defendant demurred, which demurrer was sustained by the trial court. The State appealed, and this court, speaking through Judge GREEN, said:

"The indictment in this case does not charge that the goods were sold to any particular person, but states that they were sold to 'divers persons.' This we think too vague and indefinite in a criminal charge. The party ought to be notified by the indictment of the transaction in relation to which he is called on to defend himself."

We think the first count of the indictment in the case under consideration is subject to the same criticism. It does not contain a sufficient description of the offense to enable the defendant to make his defense, and to protect him against a subsequent prosecution growing out of the same transaction. It results, therefore, that we think the motion to quash the first count was well grounded.

Rugg v. The State. ·

The second count of the indictment is predicated upon section 6734 of Thompson's-Shannon's Code, which reads as follows:

"If any person, with intent to defraud, have in his possession, or use, any false balance, weight, or measure in any business, trade, or transaction, it shall be a misdemeanor."

It is insisted by the defendant in his motion to quash that this count of the indictment is fatally defective, because it fails to aver that the false measuring device was used with the intent to defraud.

We think the words in the statute "with intent to defraud" are material, and constitute the gravamen of the offense, and that their averment was necessary to make said count valid.

In Wharton on Criminal P. & P., section 220, it is said:

"Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute, and for this puprose it is essential that these words should be used. In such cases the defendant must be specially brought within all of the material words of the statute, and nothing can be taken by intendment."

In Bishop's New Criminal Procedure, vol. 1, sec. 611, subsec. 2; sec. 612, subsecs. 1, 2, and 3, it is said:

"Where the offense is statutory, the indictment should follow the statute. To the extent that the statute defines the offense, not less is admissible. The indictment must charge the defendant with all of the acts within the statutory definition."

This same rule is announced in *Harrison* v. *State*, 2 Cold., 234; *State* v. *Ladd*, 2 Swan, 226; *Morrow* v.

141 Tenn.—24.

*State,* 10 Humph., 120; *Whitesides* v. *State,* 4 Cold., 182.

It results, therefore, that we think the motion to quash the second count should have been sustained.

This brings us to a consideration of the third count. This count is predicated on the provisions of section 9 of chapter 46 of the Public Acts of 1913 (1st Ex. Sess.), providing a system of standard weights and measures in the State. Said section reads as follows:

"Be it further enacted, that any person who shall hinder, obstruct, or interfere in any way with the state superintendent, state sealer, any deputy or assistant state sealer, or any county or city sealer while in the performance of his official duties, or who shall fail to produce, upon demand by any authorized sealer or inspector of weights and measures, any weights, measures, balances, weighing devices, or measurng devices in or upon his premises, place of business, or in his possession for use in manufacture or trade, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be subject to a fine of not less than $10 nor more than $50, or to imprisonment for not more than ninety days, or to both such fine and imprisonment."

It was insisted that the third count was fatally defective, because it failed to state the location of the meters alleged to have been changed or tampered with by the defendant, and the manner in which they had been changed or tampered with.

We do not think the omissions complained of in the motion to quash said count rendered it fatally defective. To require the State to designate in the indictment the meters changed or tampered with, and their exact location, would, we think, be placing an unreasonable burden upon the State. It must be presumed that the defend-

ant knew the location of each meter under his supervision and control. The indictment averred that he tampered with and changed a number of them before D. J. Frazier, the assistant state sealer of weights and measures, could inspect and test them. We think this constituted reasonable notice to the defendant of the offense with which he was charged, and conveyed to him sufficient information to enable him to make his defense. It put him in a position to rebut the charge that any of said meters had been tampered with or changed. The gravamen of the offense prescribed by the statute is the interference "in any way with the state superintendent, state sealer, any deputy or assistant state sealer, or any county or city sealer while in the performance of his official duties." The indictment charged that the defendant did interfere with said officer by tampering with and changing a number of the meters under his supervision before the same could be inspected and tested by said officer. We think this was sufficient.

It is next insisted by the defendant that there is no evidence to support the verdict of the jury upon this count of the indictment.

We think this contention is well taken. The record fails to disclose any evidence tending to show that the defendant tampered with or changed any of the meters before they could be tested by the assistant state sealer of weights and measures. Mr. Frazier, the assistant sealer and superintendent of weights and measures, who testified on behalf of the State, did not undertake to state of his own knowledge that any of said meters had been tampered with or changed by the defendant before they could be tested. He only claimed to have information that such was the case. No witness was introduced

to show that the defendant had tampered with or changed any of said meters in advance of their being tested by the assistant sealer of weights and measures, or that said officer was in any other way hindered or interfered with in making of tests.

We are of the opinion that the trial judge committed error in not quashing the two first counts of the indictment, and that he committed further error in not granting the defendant a new trial on the third count of the indictment, because there was no evidence to support that count.

It results, therefore, that the judgment will be reversed, and the cause remanded.