IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2011

## WILLIE D. ROBINSON v. DAVID R. OSBORNE, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2010-CR-102     E. Eugene Eblen, Judge**

---

**No. E2011-00779-CCA-R3-HC - Filed December 5, 2011**

---

The Petitioner, Willie D. Robinson, was convicted by a Shelby County jury of first degree felony murder in the perpetration of a robbery and received a sentence of life imprisonment. He subsequently filed a petition for writ of habeas corpus in the Morgan County Criminal Court, which was summarily dismissed. On appeal, the Petitioner argues that the indictment charging him with first degree felony murder was so defective as to deprive the convicting court of jurisdiction to impose judgment. Upon review, we affirm the judgment summarily dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Willie D. Robinson, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel, for the Appellee, State of Tennessee.

## OPINION

**Background.** Following his conviction for first degree felony murder, the Petitioner filed a direct appeal, and this court affirmed his conviction and sentence. State v. Willie D. Robinson, No. 02C01-9509-CR-00264, 1996 WL 417662, at *1 (Tenn. Crim. App., at Jackson, July 26, 1996), perm. to appeal denied (Tenn. Feb. 3, 1997). On October 12, 2010, the Petitioner filed a writ for habeas corpus in the Morgan County Criminal Court, claiming that his judgment was void based on a defective indictment. The State filed a motion to dismiss, and the Petitioner filed a response. On February 14, 2011, the habeas corpus court

summarily dismissed his petition. The Petitioner then filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that the indictment charging him with felony murder was so defective as to deprive the convicting court of jurisdiction to impose judgment. Specifically, he contends that the indictment failed to specify the intent required for the underlying offense of robbery. In response, the State argues that the habeas corpus court did not err in summarily dismissing the petition. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, our review of the habeas corpus court's decision is "de novo with no presumption of correctness afforded to the [habeas corpus] court." Id. at 361 (citing Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. § 29-21-101 to -130. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161–64). However, as the Tennessee Supreme Court stated in Hickman:

> [A] voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee Court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citations, quotations, and emphasis omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. In addition, the statute requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b). A habeas corpus court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements. Id.

Here, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(3) because he failed to state whether the illegality of his restraint had been adjudicated in a prior proceeding. Accordingly, the habeas corpus court could have properly dismissed his petition based on this ground alone. See T.C.A. § 29-21-107(b); Summers, 212 S.W.3d at 259.

Notwithstanding the Petitioner's failure to follow the aforementioned procedural requirement, we conclude that the habeas corpus court properly dismissed the petition in this case because it failed to state a cognizable claim for relief. Here, the Petitioner was convicted of first degree felony murder. The indictment alleged that the Petitioner "on December 9, 1992 . . . did unlawfully and recklessly kill MARTHA J. FAVATTI during the perpetration of ROBBERY, in violation of T.C.A. 39-13-202." The State argues, and we agree, that this was a correct statement of the law for felony murder at the time of the Petitioner's offense. See T.C.A. § 39-13-202(a)(2) (1991). Moreover, we agree with the State's contention that the Petitioner was given sufficient notice of the charge against him because the indictment referenced section 39-13-202. See State v. Sledge, 15 S.W.3d 93, 95 (2000) (citing State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998)).

The United States Constitution and the Tennessee Constitution state that a defendant is entitled to knowledge of "the nature and cause of the accusation." U.S. Const. amend. VI; Tennessee Const. art. I, § 9. The Tennessee Supreme Court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. Pursuant to State v. Hill, an indictment is valid if it contains sufficient information

(1) to enable the accused to know the accusation to which answer is required,

(2) to furnish the court adequate basis for the entry of a proper judgment, and

(3) to protect the accused from double jeopardy.

-4-

954 S.W.2d at 727 (citing <u>State v. Byrd</u>, 820 S.W.2d 739, 741 (Tenn. 1991); <u>VanArsdall v. State</u>, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); <u>State v. Smith</u>, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)).  In addition, the indictment must

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

T.C.A. § 40-13-202 (1990).

A review of the indictment in this case shows that it cited the appropriate statute for first degree felony murder, precisely followed the language contained in the felony murder statute, included the elements for each offense, provided the date and description of the offense, and identified the Petitioner and the victim of the offense.  "The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms."  <u>Green v. State</u>, 143 S.W.2d 713, 715 (Tenn. 1940).  We conclude that the indictment was not defective.  Accordingly, the Petitioner is not entitled to habeas corpus relief on this issue.  Because the Petitioner failed to establish that his indictment was defective under <u>Dykes</u> and <u>Hill</u>, we conclude that the trial court did not err in summarily dismissing the petition for writ of habeas corpus.

## CONCLUSION

We affirm the summary dismissal of the petition for writ of habeas corpus.

_____
CAMILLE R. McMULLEN, JUDGE

-5-