## STATE *v.* LEWIS.

### (*Knoxville.*    October 30, 1888.)

1. CRIMINAL LAW.  *Inquisitorial power of grand jury.  Riot.*
    Grand juries have no inquisitorial power touching the offense of riot.
    Case cited and approved : State *v.* Lee, *ante* p. 114.

2. SAME.  *Same.  Same.  Motion to quash.  Presumption.*
    A presentment for riot will not be quashed on motion, because it fails
    to show upon its face that it was found upon the knowledge or in-
    formation of the jurors, or because of an unauthorized indorsement
    by the foreman showing that witnesses were sworn.  The presump-
    tion, that the grand jury acted regularly and legally, obtains in such
    case.
    Code cited : §§ 5918, 5920 (M. & V.) ; § 5092 (T. & S.).
    Case cited and approved : State *v.* Darnal, 1 Hum., 292.

---

FROM KNOX.

---

Appeal in error from Criminal Court of Knox
County.   H. R. GIBSON, Ch., sitting by interchange.

Attorney-General PICKLE for State.

D. D. ANDERSON for Lewis.

CALDWELL, J.   The grand jury of Knox County
returned a presentment against Lee Lewis, charging
him with having engaged in a riot.

On his motion the presentment was quashed, and

the State appealed in error to this Court. The presentment is in regular form, and signed by all the members of the grand jury.

The first ground of the motion to quash is, that the presentment was found under the inquisitorial power of the grand jury, when in law such power does not extend to the offense charged. The legal proposition here stated is entirely sound. The grand jury has no inquisitorial power with reference to the offense of engaging in a riot, such offense not having been named in any of the statutes conferring that power upon the grand jury. We have so held at the present term in the case of *The State* v. *Lee*, 3 Pickle, 114.

But the proposition that the presentment before us was found under the exercise of such power, that is, that it was based upon the testimony of witnesses sent for and examined, is one of fact which, in order to sustain the motion to quash, must appear from the presentment itself.

The contention in behalf of the defendant is, that the fact does so appear by presumption and otherwise. In the first place, it is argued that a presentment found upon the knowledge or information of any of the grand jurors shall recite that it is so found; and that the absence of that recital in this presentment affords a presumption that it was not so found, and that, upon the contrary, it was found on the testimony of witnesses called under the inquisitorial power.

This argument is unsound in its statement of

the requirement of the law, and, consequently, not sustained in the deduction drawn therefrom.

Neither the law nor the practice has ever required that a presentment, made upon the knowledge or information of the grand jury, should show, upon its face or elsewhere, that it was so made. Indeed, the practice and the policy of the law have ever been against the propriety of such disclosure. *State* v. *Darnal*, 1 Hum., 292. Therefore, the presumption contended for cannot arise in this case.

It is next insisted that an endorsement on the presentment shows that the presentment was based upon the evidence of witnesses called by the grand jury under the exercise of inquisitorial power. That endorsement is as follows:

"Witnesses: Robt. N. Hood, Richard Childress, Welcker Park, Landon George.

Sworn May 28, 1888.

J. L. HOUSEHOLDER,<br>Foreman Grand Jury."

Exactly what office this endorsement was intended to serve does not clearly appear. Certainly it has no technical or fixed legal significance as relating to a presentment, for there is no law requiring it.

Where witnesses are called and examined by the grand jury under the inquisitorial power, the fact that they were sworn by the foreman is required

to be endorsed upon the *subpœna*, and not upon the *presentment.* Code, 5918.

In the case of an *indictment* the names of· witnesses sworn by the foreman of the grand jury are by him to be endorsed upon the *indictment*, but in all cases of *presentment* the names of witnesses so sworn are to be endorsed upon the *subpœna.* Code, 5920.

So, in this case, no legal inference is to be drawn from the endorsement beyond the fact therein stated. It is not stated that the witnesses named were examined upon this presentment, or that it was, to any extent, based upon their testimony. The Court can indulge no presumption that such was· the fact.

Again, the grand jury was a sworn body, and as such is presumed to have acted regularly and according to law. It had no legal right to call and examine witnesses in the investigation of the offense here charged, and upon their testimony find the presentment; and it will be presumed not to have done so until the contrary is made to appear affirmatively. We have seen that it does not so appear from the presentment and endorsement thereon, hence the motion to quash, upon the first ground assigned, is bad.

If it be a fact that the presentment was made on the testimony of the witnesses named in the endorsement, it is not a good presentment, but as this fact does not appear from the presentment itself, the question could properly be made by plea in abatement only, and not by motion to quash.

State *v.* Lewis.

Several other objections to the presentment were assigned in the motion to quash, but they are so manifestly not well taken that they need not be further mentioned.

Let the judgment be reversed and the case remanded.