Martin v. State.

---

## Ed Martin *v.* State.

*(Nashville.   December Term, 1912.)*.

**INDICTMENTS AND PRESENTMENTS.** Indictment must be in-
dorsed "A true bill," followed by signature of foreman of grand
jury, and its return must be shown by minutes; but present-
ment is authenticated by signatures of all the grand jurors.

While an indictment must be indorsed "A true bill," followed by
the signature of the foreman of the grand jury, and the minutes
of the court must show the return of the indictment so indorsed,
a requirement made to show that the indictment prepared by
the attorney-general has been has been before the grand jury,
and has been found by them to be "a true bill;" but these re-
quirements are not, by statute, made applicable to a present-
ment, which is required to be authenticated by the signatures
of all the grand jurors, and hence need not be evidenced by
such indorsement and minute entry.

Code cited and construed: Secs. 6949, 7054, 7055 (S.); secs. 5815,
5920, 5921 (M. & V.); secs. 4990, 5093 (T. & S. and 1858).

Cases cited and approved: State v. Muzingo, Meigs, 112; Gunkle v.
State, 6 Bax., 626; State v. Lewis, 87 Tenn., 122; Bird v. State,
103 Tenn., 343.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County.
—A. B. Neil, Judge.

G. S. Moore, for Martin.

Assistant Attorney-General Faw, for State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The plaintiff in error was tried in the criminal court of Davidson county, on a presentment, for the offense of selling intoxicating liquors within four miles of a school-house. He was adjudged guilty, fined, and ordered to be imprisoned.

The sole error assigned is to the effect that the court erred in overruling defendant's motion to quash the pre-sentment, which motion was on the grounds that the minutes of the court failed to show that the grand jury found same to be "a true bill," and that the presentment was not itself indorsed "A true bill."

The argument in behalf of plaintiff in error is that there is no difference between a presentment and an indictment in respect of the necessity for an indorse-ment of "A true bill" thereon, and that such indorse-ment is requisite on indictments.

Numerous cases hold that indictments, in order to their validity, must be so indorsed, followed by the sig-nature of the foreman of the grand jury. *Gunkle v. State,* 6 Baxt., 626; *Bird* v. *State,* 103 Tenn., 343, 52 S. W., 1076, and cases cited.

Indeed, the rule thus laid down in our early cases was codified, Shannon's Code, sec. 7055, providing: "An indictment cannot be found without the concurrence of at least twelve jurors, and when so found shall be in-dorsed 'A true bill' and the indictment signed by the foreman."

Martin v. State.

The briefs filed indicate, and we believe, that the exact point herein raised has not been decided by this court, whatever the actual practice at *nisi prius* may have been in reference to such indorsements.

The argument for error in the action of the lower court is not well taken. It fails to take note of the factors of differentiation applicable as between indictments and presentments. In its provisions touching presentments the Code is significantly silent as to such indorsements being required. Shannon's Code, sec. 6949.

In the case of an indictment, the names of witnesses sworn by the foreman of the grand jury are by him to be indorsed upon same; but in case of a presentment the names of witnesses so sworn are for indorsement upon the subpoena. Shannon's Code, sec. 7054; *State* v. *Lewis*, 87 Tenn., 122, 9 S. W., 427.

The distinction here taken grows out of the natures of the two pleadings. An indictment proceeds from the attorney-general to the grand jury, and "is only signed by the foreman of the grand jury, and therefore, unless it appears from the record that the bill was returned by the jury into open court 'a true bill,' it cannot appear that it has been before them, and found by them. Not so in case of a presentment. That is signed by all of the jurors, and we have thus an assurance that they acted on it and found the facts it presents." *State* v. *Muzingo*, Meigs, 112. Such indorsement, therefore, was not necessary.

Affirmed.