Eugene Boyd Bosley, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

401 S.W.2d 770.

(*Nashville*, December Term, 1965.)

Opinion filed April 11, 1966.

WHITWORTH STOKES, JR., Nashville, for plaintiff in error.

HARRY G. NICHOL, District Attorney General, GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, for defendant in error.

136

MR. JUSTICE CRESON delivered the opinion of the Court.

Plaintiff in error, Eugene Boyd Bosley, hereinafter referred to as the defendant, was, on May 25, 1965, found guilty of robbery accomplished by the use of a deadly weapon. He was sentenced to serve forty years in the State Penitentiary, said sentence to begin at the expiration of a sentence which the defendant is now serving.

On July 2, 1964, defendant was indicted for this felonious assault and robbery accomplished by the use of a deadly weapon. Thereafter, on October 7, 1964, defendant made a motion that he be granted access to and the opportunity to examine the pistol and shells removed from his person on the date of his arrest; and that he be granted the opportunity to examine the technical reports of tests made by the Metropolitan Police Department of Nashville on this gun and the shells. On October 16, 1964, defendant's motion was overruled. On May 25, 1965, defendant filed with the Trial Court a motion to quash the indictment. The motion was denied on May 25, 1965, to which action the defendant excepted. On that same date, defendant was tried for armed robbery. Defendant was found guilty by the jury and judgment was entered by the Court, sentencing him to forty years in the State Penitentiary. On June 23, 1965, defendant made a motion

for a new trial, which was overruled on August 12, 1965. An appeal was perfected. In this Court, the defendant filed the following Assignments of Error:

"(1) Because the Court erred in overruling defendant's motion that he be granted access to the pistol and shells removed from him on the date of his arrest and be granted the opportunity to examine the technical reports of the tests made on the gun and shells by the Metropolitan Nashville Police Department.

(2) Because the Court erred in overruling defendant's motion to quash the indictment on the grounds that it specified the defendant was a Negro by the initial (c) on the indictment.

(3) Because the Court erred in overruling defendant's motion to quash on the grounds that the indictment did not specify the date of the offense other than to state the month and year of the offense.

(4) Because the Court erred in overruling defendant's motion to quash on the grounds that he could not stand trial for a criminal offense while confined to the State Penitentiary for a period of life imprisonment.

(5) Because the Court failed to give a full and complete charge on the defense of alibi in that the defendant did not rely upon the defense of alibi for the offense that he was tried for, but did rely upon an alibi to show that he did not commit an earlier offense at the same location, for the express purpose of impeaching the testimony of the State's witnesses, Breece and Anderson."

■■ The overruling of the motion of October 7, 1964 is assigned as error (1) on this appeal. In support of this Assignment of Error, defendant relies upon the Sixth Amendment to the Constitution of the United States and Article 1, Section 9 of the Constitution of the State of Tennessee. Neither of these constitutional provisions support the construction placed upon them by defendant. They simply provide that the accused has the right to be informed, with some degree of certainty, of the crime of which he stands accused. Certainly this does not necessitate the State furnishing the defendant with its proof.

■■ Assignment of Error (2) objects to the initial (c) placed after defendant's name on the indictment. Defendant asserts that this in some way violates the Fourteenth Amendment to the Constitution of the United States. This question was recently before this Court in the case of Waddy v. Johnson, as yet unreported, and it was there held that such a contention cannot be upheld. In that opinion, it was said:

"This Court cannot indulge a presumption the grand jury returned the indictments because of petitioner's race or color. The grand jury was a sworn body, and as such, presumed to have acted regularly and according to law. It had no legal right to consider the race, color or creed of the petitioners; and it will be presumed not to have done so until the contrary is made to appear affirmatively. *State v. Lewis,* 87 Tenn. 119, 9 S.W. 427. 'Until it is properly impeached, an indictment imports absolute verity, and good faith.' 42 C.J.S. Indictments and Informations sec. 24e, page 873."

The foregoing is equally applicable to this case, and defendant's Assignment of Error (2) is overruled.

██ Defendant's Assignment of Error (3) makes the contention that the trial court erred in overruling the defendant's motion to quash the indictment on the ground that it did not specify the date of the offense, other than to state the month and year of the offense. It is the well settled law of this state that an indictment in a case of this character that shows that the offense the defendant is alleged to have committed occurred prior to the date of indictment is sufficient. *State v. Shaw* (1904) 113 Tenn. 536, 82 S.W. 480. In the present case, the indictment shows that the offense that is alleged to have been committed occurred on the —— day of June, 1964. The date of the indictment is July 2, 1964. The rule enunciated in *State v. Shaw,* supra, is complied with; and defendant's Assignment of Error (3) is therefore without merit.

Defendant's Assignment of Error (4) urges that the trial court erred in overruling defendant's motion to quash on the ground that he could not stand trial for a criminal offense while confined in the State Penitentiary for a period of life imprisonment. The basis of this contention seems to be that Sections 10771 and 11771 of Williams' Tennessee Code, which were in effect at the time of defendant's prior conviction, require that after defendant's parole, his life sentence be treated as a twenty-five year sentence. These statutes read as follows:

"Section 10771—Punishment for murder in the first degree—Every person convicted of murder in the first degree, or as an accessory before the fact of such crime, shall suffer death by electrocution, or be imprisoned for life, or over twenty years, as the jury may determine."

"Section 11771—Parole power in commissioner of institutions shall have the power to cause to be released on parole any person sentenced to confinement in the penitentiary who has served the minimum term provided by law for the offense committed by him, less good time; provided, that no convict serving a life sentence shall be paroled until he has served for twenty-five years, less diminution which would have been allowed for good conduct had his sentence been for twenty-five years."

▆▆▆▆ Suffice it to say here that this Court sees no basis for such construction and application of these statutes, as defendant contends in his brief.

Defendant cites the case of *Doyle v. Hampton* (1960) 207 Tenn. 399, 340 S.W.2d 891. This case in no way supports defendant's contention. Rather, it indicates that a defendant who commits a crime while on parole from a life sentence can be tried for that crime and sentenced and that such sentence runs consecutively to the life sentence, becoming effective if, at any time, the defendant is pardoned on the previous life sentence.

▆▆▆▆ Defendant's final contention, No. (5), is that the Trial Court erred in its instruction with respect to the defense of alibi. The defendant does not contend that the instruction given by the trial judge as to the defense of alibi was incorrect. Defendant insists that he did not rely upon the defense of alibi for the offense for which he was tried. He did rely upon alibi as a response to evidence that he committed an earlier offense in the same location which was used by the State in the present trial to establish a pattern of activity and the identity of the defendant. Reading the trial judge's charge, as a whole, we

think his instruction as to the defense of alibi, when taken in context, is of sufficient clarity, and, since defendant injected the matter of alibi, was properly given.

The judgment of the trial court is affirmed, with costs of this appeal against the defendant.

BURNETT, CHIEF JUSTICE, and DYER and CHATTIN, JUSTICES, concur.

WHITE, JUSTICE, not participating.