**Jack KERWIN and Judith Kerwin, Plaintiffs-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 3, 1974.

Certiorari Denied by Supreme Court Aug. 12, 1974.

Thomas Osborne, Hopkinsville, Ky., Ross Hicks, Clarksville, for plaintiffs-in-error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Noel R. Bagwell, Dist. Atty. Gen., Clarksville, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

Defendants were convicted of selling controlled substances (heroin and phencyclidine), in violation of T.C.A. Sec. 52–1432. Under Indictment No. 14439 for selling heroin, each of the defendants received a sentence of not less than five years and not more than fifteen years. Under Indictment No. 14440, for selling phencyclidine, Judith Kerwin received not less than three nor more than six years and Jack Kerwin received not less than three nor more than eight years. The trial court entered judgment accordingly and fixed the sentences to run concurrently.

On this appeal two assignments of error are made charging the trial court with error on questions of law. Defendants first assert it was error in refusing to grant their motion for a bill of particulars.

The bill of particulars is not included in the record before us. The order in the technical record on the motion for a bill of particulars sets out that the motion was filed requesting:

(1) The exact dates and times during which the acts charged in the indictment and the overt acts of the indictment are pledged to have been committed by defendants.

(2) The names and present addresses of all persons who participated in the committing of the crimes alleged in the indictment or were witnesses to the crimes alleged in the indictment, including the names of any informants who actually participated in the transactions with which defendants are charged.

(3) The names of any person who is now in possession of any tangible evidence seized by an agent of the government.

(4) Whether any transmitting devices were used by the government or persons acting at its behest to monitor and/or record any conversation between defendants and any other individual.

(5) The exact location where the alleged transactions took place.

The trial court denied the motion with the exception that the State was required to furnish defense with the names of witnesses to testify in the hearing, and to allow the defense to inspect, copy or photograph any books, papers, documents, or tangible items obtained from the defendants or anyone else.

■ In overruling this assignment we cannot improve upon the succinct and precise statement contained in the State's brief. "The defendants candidly note that the authority in Tennessee is against them on this proposition. Citing *State v. Dougherty*, Tenn., 483 S.W.2d 90 (1970); *Bosley v. State*, 218 Tenn. 134, 401 S.W.2d 770 (1966). The defendants were apprised of the names of all the witnesses which the

State intended to call in support of its case. It has consistently been held that a properly drawn indictment—and there is no attack on the indictments in this case—gives sufficient notice to a defendant concerning the offense against which he must defend himself. There is no allegation that the defense did not have sufficient time to prepare this case and there is no allegation that the State misled the defendants or withheld any exculpatory evidence from the defendants. The error assigned is unsupported and must be rejected by this Honorable Court."

Even the more liberal Federal Rules of Criminal Procedure retain the matter of discovery within the discretion of the trial court upon a showing of materiality of the object of discovery to the preparation of the defense and the reasonableness of the request. In the argument to sustain the motion for a bill of particulars in the trial court, counsel for the defense rested their entire motion for the evidence requested on the authority of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. *Roviaro* dealt with disclosure of the identity of an informer which is not the issue in the case sub judice, although we think the principle stated in *Roviaro* does apply here. That is, that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. We overrule the assignment.

The second assignment charges error in refusing to grant defendant's motion for defendant's expert to inspect and make analysis of the alleged controlled substance seized from defendants.

The order overruling the motion for a bill of particulars contains the following paragraphs pertinent to this assignment.

"At this hearing on Friday, April 6, 1973, prior to trial on Tuesday, April 10, 1973, defendants made a verbal motion, after the hearing of their written motion, that they be allowed to take a portion of said heroin and phencyclidine to some place not made known to the Court, but possibly to the State of Kentucky, for chemical analysis, the necessary quantity of the drugs and the time for making the analysis or who would make same or any other information relative to making said analysis, was not made known to the Court. This oral motion was denied.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that all motions both oral and written, made at this hearing are overruled to the exception that the State is ordered to supply defendants with names of the witnesses it expects to introduce at the trial of this case and to allow defendants and their attorney to inspect the heroin and phencyclidine obtained from the defendants."

T.C.A. Sec. 40–2044 provides as follows:

"Copying certain books, papers and documents held by attorney for state.—Upon motion of a defendant, or his attorney, at any time after the finding of an indictment or presentment, the court shall order the attorney for the state, or any law enforcement officer, to permit the attorney for the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others which are in possession of, or under the control of the attorney for the state or any law enforcement officer. The order may specify a reasonable time, place and manner of making the inspection, and of taking the copies or photographs and may prescribe such terms and conditions as are

just. However, such inspection, copying or photographing shall not apply to any work product of any law enforcement officer or attorney for the state or his agent or to any oral or written statement given to any such officer or attorney for the state or his agent by any witness other than the defendant."

■ This Code Section makes it mandatory for the trial court to permit the attorney for the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant. However, it is implicit in the provisions of the statute that the trial judge shall exercise judicial discretion in specifying a reasonable time, place and manner of making the inspection, and of taking the copies or photographs and may prescribe such terms and conditions as are just.

■ The presentments in this case were returned on March 1st, 1973. The request to have a test or chemical analysis made came in the course of the hearing on the motion for a bill of particulars, first, on April 5, 1973, and subsequently on the morning of the trial on April 10, 1973. We think the assignment must be overruled in the first instance, because the request came too late. We think the wording of the statute "at any time after the finding of an indictment or presentment", expresses the intent of the legislature to be that the matter should be raised at the earliest possible moment after indictment in order to enable the court to provide the defendant with the documents or objects which he desires to inspect and assure him of the fair trial to which he is entitled. We do not think a defendant should wait until the final moment before trial, or until the proceedings are underway, to raise such an issue or make such a request. To tolerate this course of action, except in the most exigent circumstances, can serve only to obfuscate the orderly administration of justice and delay the conduct of the trial proceedings. Morover, from the date of their indictment, the defendants were the two persons in this world who were uniquely aware of whether or not they were involved in the sale of drugs of some nature, and whether or not the controlled substances in the possession of the State could or could not be an item of incrimination against them, and having this knoledge they were not entitled to its inspection, if such inspection would hamper the State in proceeding with its case. They are the only persons who knew whether or not they had in fact sold a controlled substance and therefore they were not denied anything needed in the ascertainment of truth. It was their duty to advise their counsel of all the facts and circumstances necessary to enable him to develop their defense. If they did not do so the responsibility rests with them, and the trial court cannot be held accountable for denying the inspection. Had they been guilty of no greater offense than selling some substance to the State's witness which was not illegal under the statutes, as was the defendant in the only case cited on behalf of the defense in this case, (State v. McArdle, 194 S.E.2d 174, W.Va. (1973)), it would still have been obligatory upon them to so advise their counsel so that a seasonable motion for inspection could have been submitted to the court and an appropriate defense mounted on this premise.

We find no error in the trial proceedings and the judgment is affirmed.

WALKER, P. J., concurs.

OLIVER, J., concurring.

I concur. A bill of particulars with respect to an indictment or presentment is not available in this State. Stanley et al. v. State, 171 Tenn. 406, 104 S.W.2d 819; Shadden v. State, Tenn.Cr.App., 488 S.W. 2d 54.