STATE *v.* SHAW.

(*Knoxville.*    September Term, 1904.)

**INDICTMENT.** . Time of offense should be averred within statutory limitation.

The indictment, charging defendant with trespass committed in . March, 1904, was found in January, 1904. A motion to quash was sustained and the State appealed.

*Held*:   The indictment was bad because, although the date be disregarded as an impossible one, it would not appear that the offense was committed within the statutory limitation of one year barring the offense.

FROM MONROE.

Appeal from Circuit Court of Monroe County.— GEORGE L. BURKE, Judge.

ATTORNEY-GENERAL CATES, for the State.

McCROSKEY & PEACE, for Shaw.

MR. JUSTICE NEIL delivered the opinion of the Court.

The indictment in this case was dismissed in the court below on motion of the defendant there to quash.

The indictment reads as follows:

"State of Tennessee, Monroe County.

"Circuit Court Term, January, 1904.

"The grand jurors for the State aforesaid, being duly summoned, elected, impanelled, sworn and charged to inquire for the body of the county aforesaid, upon their oaths present:

"That William Shaw, heretofore, to wit, on the — day of March, 1904, in the county aforesaid, did unlawfully, knowingly and willfully destroy and carry away the rails and boards, wood and other lumber, the property of B. L. Muson, the value of fifty dollars, against the peace and dignity of the State.

"[Signed]                          A. J. FLETCHER.

"Attorney-General."

The motion to quash was based on the ground that the indictment was found at the January term, 1904, and charged that the offense complained of was committed on the — day of March, 1904, a date subsequent to the finding of the indictment, and therefore an impossible date. This motion was sustained, and the State has appealed.

The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense, as of offenses committed against

laws passed for the preservation of the Sabbath, or unless the time is important to bring the offense within the operation of new or amended statutes or the like; but where there is a statute of limitations that bars the offense there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit, and, finally, that where an impossible date is given, as in the present indictment, it will be disregarded if the offense is one as to which there is no statute of limitations, or as to which the date itself is not important. *King* v. *The State,* 3 Heisk., 148; *State* v. *Gibbs,* 6 Baxt., 238; *State* v. *Wade,* 7 Baxt., 22; *Perkins* v. *The State,* 8 Baxt., 559; *State* v. *James Parker,* 5 Lea, 568; *Stevenson* v. *The State,* 5 Baxt., 681; *State* v. *Robert Donaldson,* 3 Heisk., 48, 50, and authorities cited; *Bolton* v. *The State,* 5 Cold., 650, 654, 655.

To the crime charged in the present case the statute of limitations of one year applies. Shannon's Code, section 6942. Therefore, if we should disregard the date as an impossible one, still the indictment would be bad, because it would not appear therefrom that the offense was committed within the statutory limitation.

The motion to quash does not state this exact point, but the point falls within the scope of the objection as made.

It results that the judgment of the circuit court quashing the indictment must be affirmed.