NASH *v.* STATE.

(*Nashville,* December Term, 1933.)

Opinion filed March 10, 1934.

WORTH BRYANT, KEITH BOHANNON, and F. E. HARRIS, all of Cookeville, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error, herein called defendant, was convicted of violating the age of consent upon Blettie Ann Spears, and his punishment was assessed by the jury at

imprisonment for not more than three years. He appealed, and insists that the conviction should be reversed:

First. Because there is no evidence to corroborate the testimony of the prosecuting witness, Bettie Ann Spears.

Second. Because the evidence preponderates against the verdict and in favor of the defendant's innocence.

Third. For errors in the charge of the court, especially in stating the theory of the state and defendant and in the action of the court stating and emphasizing testimony of Willie Dunn; also for errors in refusing to give additional instructions requested by the defendant.

Fourth. For error of the court in excluding the testimony offered to show defendant's general character.

Fifth. For error of the court in refusing to grant a new trial upon defendant's showing of newly discovered evidence.

Sixth. Because the trial judge erred in refusing to sustain defendant's plea of former jeopardy and in striking the plea.

 The indictment reported at the September term, 1932, charged that defendant violated the statute (Code, section 10786) by an act of intercourse with Bettie Ann Spears on or about the 11th day of April, 1932. Time not being a material ingredient of the offense, it was sufficient to allege the commission of the offense on any day before the indictment was found. Code, section 11632. And proof of the offense could be shown by evidence of its commission on any date prior to that charged in the indictment. *State* v. *Parker,* 5 Lea, 568.

It was shown by the testimony of Bettie Ann Spears that Solon Nash, the defendant, commenced visiting her in 1928, when they were both quite young. The record shows that both were about nineteen years of age at the

time of trial in May, 1933. The girl also testified that in 1929, when the defendant asked her to marry him, she consented, and that after their marriage engagement the first act of intercourse occurred at her father's home just before defendant left for a trip to Kansas. After his return from Kansas, their intercourse was resumed and continued until she became pregnant. Her child was born December 24, 1932. Among other specific acts mentioned by the girl was one on the night of March 12, 1932, at the home of Columbus Lafever, after their return from Happy Hollow Church, and another at her home where she resided with her father, in June, 1930.

The case has been tried twice. At the first trial, in January, 1933, the jury could not agree on a verdict and a mistrial was entered. It does not appear from the record that the state was required to elect at the first trial, but there is a statement of the district attorney, incorporated in the bill of exceptions, that, because of the absence of witnesses, he agreed with counsel for the defendant that the state would then rely upon the alleged act of March 12, 1932, at the home of Columbus Lafever. At the last trial, in May, 1933, the state elected to rely upon the alleged act in June, 1930, at the home of the girl's father. The defendant thereupon interposed the defense of former jeopardy, insisting that the state, having relied upon the alleged act of March 12, 1932, was bound by its election, and that an abandonment of that act and the attempt to assert another amounted to putting the defendant twice in jeopardy. The trial judge held the defense not good, and struck the plea of former jeopardy.

In *Jamison* v. *State,* 117 Tenn., 62, 94 S. W., 675, it was said that each act of carnal intercourse in violation of the age of consent statute constitutes a substantive

offense, and, when several acts are proven, it is the duty of the court, upon defendant's motion, to require the state to elect so as to advise the defendant of the particular act upon which it relies to convict. But the evidence of other acts is admissible to reflect light upon the inquiry as to whether or not the particular act was committed. *Sykes* v. *State*, 112 Tenn., 572, 82 S. W., 185, 105 Am. St. Rep., 972. These rules are reannounced in *Vinson* v. *State,* 140 Tenn., 70, 203 S. W., 338. Trial and conviction for the particular act relied on by the state would preclude prosecution for others, for the person charged in the indictment can only be convicted for the one offense. *Holt* v. *State,* 107 Tenn., 541, 64 S. W., 473.

While the state may be required to elect as between several related acts, its election would not involve a choice of remedies. It had but one remedy, that by indictment and prosecution under the indictment. But, notwithstanding its election, evidence of other similar acts between the same parties is admissible to establish the particular act individualized by the state's election as above indicated. As stated, that was not a choice of remedies nor was it an abandonment of the charge preferred by the indictment. No new charge was intruded. The defendant was not put in second jeopardy by the state's election to try under the indictment and rely upon another one of the several acts of intercourse, one or all of which constituted a single substantive offense. The state had a right to choose between acts, upon either of which it could rely.

The few cases to be found on the subject are somewhat at variance. In *Frazier* v. *State,* 19 Ala. App., 322, 97 So., 251, and *Elam* v. *State,* 26 Ala., 48, involving violation of liquor laws, it was held that an election could not

be abandoned and other acts proved and that an election was binding upon the state in a second trial on the same indictment.

The reason underlying these opinions was that the accused could have been indicted, tried, convicted, and punished for each of the several illegal sales of liquor, and an election to rely upon one of the illegal acts precluded abandonment of the act relied upon after a mistrial and probably after the running of the statute of limitations against the new act upon which the state sought a conviction.

In *State* v. *Palmberg,* 199 Mo., 248, 97 S. W., 566, 116 Am. St. Rep., 476, and *People* v. *Flaherty,* 162 N. Y., 532, 57 N. E., 73, both of them age of consent cases, it was held that the state was not bound by its election made at the first trial, but it was said that, in fairness to the defendant, the state should be required at the beginning of the second trial to designate the particular act on which it would rely for a conviction.

At the first trial, the state indicated a purpose to prosecute defendant for violating the age of consent and to establish his guilt by proof of an alleged act on March 12, 1932, at Columbus Lefever's. At the second trial it relied on the alleged act in June, 1930, at the home of Bettie Ann Spears. Although these are separate acts, there could be but one violation of the age of consent statute as charged in the indictment, and the defendant was not put in jeopardy by the state's abandonment of the first act relied on and its adoption of the second.

█ There is no merit in the assignment directed to the court's action in refusing to grant a new trial upon newly discovered evidence. The new evidence presented to support the motion was that offered to impeach Willie

Dunn's testimony as to the size of a crack through the floor of the Spears home; and to introduce evidence of alleged discrediting statements made by him after the verdict, and also alleged discrediting statements made to persons before the trial but discovered after the verdict.

It appears that Dunn accompanied the defendant's father and others to the Spears home after the trial where the party measured cracks in the floor through which Dunn stated that he observed the alleged act of intercourse. These witnesses say that Dunn stated while at the Spears place that he would not have sworn what he did on Solon Nash if Nash had not attempted to pack the girl's trouble on him. In addition to the testimony of witnesses disclosing that statement, John Lefever and wife testified that before the trial Nash told them that people were accusing him, and he went to look at the baby the day after it was born, and it did not look like his. Dunn denied having made these statements, and the trial judge accredited his denial. That being so, we cannot override the judge's discretion. The new evidence about the crack in the floor is immaterial. Witnesses agreed that there were cracks in the floor; the disagreement was about the size.

The defendant did not testify, but witnesses were introduced to prove his general character. The inquiry was apparently limited. It did not distinguish between good character for truth and veracity and good character for peace and morality. See *Durham* v. *State,* 128 Tenn., 636, 163 S. W., 447, 51 L. R. A. (N. S.), 180. It was not suggested either by the inquiry or by counsel in exceptions to the action of the trial judge that defendant intended to put his character for peace and morals in issue. That might have proven prejudicial, for, if defendant

had put his character for the trait involved in issue, the state could have rebutted it by evidence of general character for lasciviousness. 4 Chamberlain's Modern Law of Evidence, sections 3219, 3288, 3305. It was not error, therefore, for the trial judge to exclude evidence offered of the defendant's general character.

■■ The charge taken altogether fairly stated the law to the jury and fairly presented the theories of both the defendant and of the state. The strictures on the charge refer to the trial judge's statement of what the state insisted and of what the defendant insisted. He did not commit the error of either lending emphasis to facts or of singling out of witnesses or misstating the facts. Judges may declare the law and state evidence, and in the trial judge's statement of the theories of the parties he did no more than allude to the evidence upon which the state and the defendant relied. The charge having been full and fair to both parties, it was not error for the trial judge to refuse defendant's special requests.

■ The testimony of Bettie Ann Spears that defendant had intercourse with her in June, 1930, in the daytime, at her father's house, is corroborated by the testimony of Willie Dunn, who stated that he was passing the house and saw the girl sitting on the defendant's lap, and, after passing, that he returned and observed conduct which corroborates her statement of an act of intercourse at that time. In addition to Dunn's testimony, there are other facts and circumstances to corroborate the girl, among them the defendant's letters. None of the letters contain an admission that defendant committed any act of intercourse with the girl, but they indicate defendant's infatuation and show that he was engaged to marry her.

We find no preponderance against the verdict.

We omitted saying that the girl testified that upon discovering that she was pregnant she went to the defendant and begged him to marry her, and his reply was that he wanted to go to school.

It is always unfortunate, indeed tragic, for the state to send a young man nineteen years of age to the state prison for three years, but it is the duty of the courts to declare the law as it is written and their duty to apply the law to the facts found by the jury and the trial judge.

There being no prejudicial error on the record, the judgment is affirmed.