GREEN *v.* STATE.

(*Knoxville*, September Term, 1940.)

Opinion filed October 19, 1940.

E. E. Creswell, of Sevierville, and C. K. Ellis, of Rutledge, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction of violation of the age of consent with a prison sentence of three years. That the crime was committed is not in dispute. The female, a school girl of sixteen years, gave birth to a child. The accused was her teacher, a married man, thirty-four years of age. His defense was (1) that he had not had intercourse with her, and (2) that at the time she was a lewd, bawd, or kept female. A separate memorandum has been filed discussing the facts and over-ruling these defenses. This opinion for publication is confined to the consideration of assignments of error raising questions of law.

1. The indictment, found December 4, 1939, in one count, charged "That Henry Green on the — day of November, 1938, in the State and County aforesaid, did unlawfully and feloniously have carnal knowledge of one Opal Acuff, a female under twenty-one years of age and over twelve years of age, and they, the said Henry Green and Opal Acuff, not sustaining toward each other the relations of husband and wife; and the said Opal Acuff at and before the time of said unlawful carnal knowledge was not a bawd, lewd, or kept female, contrary to the statute, and against the peace and dignity of the State of Tennessee."

On the trial, evidence was offered by the State of several acts of intercourse, some occurring in the fall of 1938 and one on the 10th of January, 1939. At the close of the State's proof, in response to a motion, the State elected to prosecute for the offense committed on the 10th of January. The theory of the defense seems to be that the trial judge erroneously submitted the case as of that

date, because that was a date subsequent to the time alleged in the indictment—"The — day of November, 1938;" that under the indictment so framed a conviction could not be had for an offense committed subsequent to November—although the date elected was prior to the finding of the indictment and within the period limited by statute.

Learned counsel concedes, as we understand the argument, that if the indictment had not specified a time, conviction might have been had for an offense committed at any time prior to the indictment, but that where the indictment fixes a time (here the — day of November) the State cannot elect a date subsequent thereto (here the 10th of January). In *State* v. *Shaw*, 113 Tenn., 536, 82 S. W., 480, the rule is said to be that "where there is no statute of limitations barring the offense, it is unnecessary to state the date, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense," etc. And this is the general rule, thus well stated in Wharton's Criminal Evidence, pages 1824-1826: "Within the limitations, first, that the offense must be proven to have been committed prior to the finding of the indictment, and, second, that the offense must be proven to have been committed within the time specified by the statute of limitations, and except where a special day is essential, or where time is the essence of the offense, the time of the commission of the offense as averred in the indictment is not material, and the proof is not confined to the time charged."

Apparently we have no case dealing directly with the exact situation here presented, that is, where a time is

given in the indictment and the proof and time elected is of an offense committed at a date later than that given. However, we think the principle involved is met. Since time is not of the essence of the offense, and the date alleged is so generally held to be immaterial, provided it is a date within the statutory limitation, and prior to the finding of the indictment, we think the trial judge committed no error in permitting the conviction to be related in this case to a date subsequent to that set out in the indictment. There is no showing of prejudice as the result of the procedure adopted. The defendant had every opportunity to meet the charge that he committed the offense on the 10th of January, 1939, and no reversal will be adjudged for this alleged variance.

The expression in *Nash* v. *State*, 167 Tenn., 288, 69 S. W. (2d), 235, cited by counsel, when taken in its context, does not support the contention made. What the Court said in the excerpt quoted was literally true on the facts of that case, that is, that "it was sufficient to allege the commission . . . on any day before the indictment was found. Code, section 11632. And proof of the offense could be shown by evidence of its commission on any date prior to that charged in the indictment." The Court was dealing with a state of facts to which that language had direct application, but the Court did not intend to hold, nor did the Court say, that proof of commission could not be made on a day subsequent to a date named in the indictment. That situation was not presented by the record and was not dealt with.

Our cases hold that any number of cases of intercourse, either before or subsequent to the time alleged in the indictment, may be proven. *Sykes* v. *State,* 112 Tenn., 572, 82 S. W., 185, 105 Am. St. Rep., 972; *Jamison* v. *State*, 117 Tenn., 58, 94 S. W., 675. Now since it was competent

for the State to prove acts subsequent to the time named in the indictment it follows that it was competent for the State to elect one of these subsequent dates.

■ Furthermore, it is well settled, and we think will be conceded, that the State might properly have elected a date prior to the time charged in the indictment. The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms. Now certainly the defendant was as clearly put on notice to meet the charge of commission of the offense on January 10th in this case as he would have been had the State elected a date in October prior to the time given in the indictment.

■ 2. It is complained that the trial judge used the word "and" instead of the word "or" in reading to the jury from the statute the language "bawd, lewd, *or* kept female." Code 1932, section 10786. This was of course an inadvertence, but we think no prejudice resulted, because later on in his charge he correctly used the disjunctive "or" when instructing the jury directly as to the law. We do not think the jury could have been misled by this inadvertence. Moreover, it is quite clear on the record in this case that no such distinction was in any way involved or suggested, and it was therefore an immaterial matter.

■ 3. It is also complained that the Court did not definitely enough instruct the jury that the defendant must be found guilty of having committed this offense on the occasion and at the time elected by the State. We think this complaint is not well founded. The trial judge charged the jury that it was necessary to sustain a conviction that they be convinced beyond a reasonable doubt that the defendant did carnally know the injured female on the night of the trip to Norris Lake. We think it was

not essential that the judge should go further and conversely instruct the jury that they could not convict for any offense committed at any other time. And, no special request was tendered in this connection, as the rule requires in case counsel feel that an issue of this sort demands a more definite instruction.

 4. By the final assignment complaint is made of the alleged exhibition of the child of this female to the jury in the course of the trial, and the holding of this Court in *Cook* v. *State*, 172 Tenn., 42, 47, 109 S. W. (2d), 98, is relied on for reversal. It must be conceded that the facts appearing on this record bring the case very nearly within those appearing in the Cook Case, held in that case to constitute a ground of reversal. While the female was on the witness stand the prosecuting attorney asked the witness, referring to the defendant, "Is he the father of the baby you are nursing?" A. "Yes." "Will you turn it to the jury and let them look at it?" Immediately counsel for the defendant interposed an objection and the attorney-general then stated that he would not insist on it. It does not appear in just what position the child was being held, and particularly whether or not it was so exposed as that the jury could have a view of it, enabling a comparison to be made between its features and those of the defendant. It is this comparison as bearing upon the identity of the accused as the father of the child that the rule referred to and approved in the Cook Case precludes. The record is not left in doubt as to the facts bearing on this particular point. Later on, in the course of the examination of this witness, the attorney for the defendant again brought the matter to the attention of the Court and the record contains the following:

"MR. CRESWELL: Defendant objects to the statements

and the references that the Attorney-General made to the baby that the mother held while she was on the witness stand and calling the jury's attention to the features of the baby.

"THE COURT: The record will show that the baby was not allowed to be shown to the jury. The jury has not examined the baby. It has not been shown them.

"MR. CRESWELL: It was sitting on her lap and he called the jury's attention to it."

It is quite obvious that the Attorney-General was in error, but we think it sufficiently appears that the trial judge protected him and the State from the effect of his error. This Court is bound by the holding of the trial judge and his statement as to just what took place. Since, according to his finding, the baby was not shown to the jury and the jury did not examine it, no reversible error was committed in this regard.

On the whole case, a full and fair trial has been accorded the defendant and his conviction by a jury of his peers, approved by the trial judge, will not be disturbed.

The judgment must be affirmed.