332

J. T. McLemore, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

385 S.W.2d 756.

(*Jackson*, April Term, 1964.)

Opinion filed January 6, 1965.

Abraham E. Horn, Memphis, for plaintiff in error.

George F. McCanless, Attorney General, Marne S. Matherne, Assistant Attorney General, for the State.

Mr. Justice White delivered the opinion of the Court.

The plaintiff in error was indicted and convicted for violating T.C.A. sec. 62-1302, which provides that it shall be unlawful for any person to act as a real estate salesman, directly or indirectly, or assume to engage in the business of real estate salesman without first obtaining a license issued by the Tennessee Real Estate Commission.

The indictment charges that the plaintiff

"* * * on the —— day of February, 1963 * * * did unlawfully engage in the business of real estate salesman, without first obtaining a license issued by the Tennessee Real Estate Commission."

The violation of said section is made a misdemeanor by T.C.A. sec. 62-1328.

The defendant filed a motion to quash the indictment upon the ground that "the indictment on its face is void for indefiniteness".

A demurrer was also filed upon the same ground and upon the further ground that the indictment "is so vague

and indefinite that it does not apprise the defendant of the nature of the offense he is required to defend against''.

After the motion to quash and the demurrer had been overruled by the court, the defendant entered a plea of not guilty and upon the proof adduced and offered at the hearing, the defendant was found guilty as charged in the indictment. His motion for a new trial having been overruled, he appeals.

He contends that the action of the court in overruling said motion to quash was erroneous and that the case should be reversed and dismissed upon the ground that the indictment did not state sufficient facts to put him upon notice of the charge that he was to defend against.

T.C.A. sec. 40-1802 provides that the indictment *must state the facts constituting the offense in ordinary and concise language* in such a manner as to enable a person of common understanding to know what is intended. (Emphasis supplied).

In the early case of *Cornell v. State,* 66 Tenn. 520 (1874), it was held that the indictment therein was insufficient because it failed to charge the crime with certainty and precision and it failed to contain a complete description of such facts and circumstances as would constitute the crime. The indictment there under consideration merely stated a legal result.

McLemore says that the indictment here states a mere conclusion or legal result only and that it is necessary in accordance with established case law of this State and with T.C.A. sec. 40-1802 to state the facts upon which the indictment is brought. The statement that he engaged in the business of real estate salesman is a mere conclusion

and is not a sufficient charge to place him upon notice as to the facts he is called upon to defend, according to his contention.

The indictment should be sufficiently distinct and certain to enable the defendant to understand the nature of the charge he is called upon to answer, and to protect himself from a second prosecution for the same offense, so says Caruthers, History of a Lawsuit, 8th ed. sec. 725.

In 27 Am.Jur., Indictments and Informations, sec. 102, the rule is thus stated:

"In the case of a misdemeanor, as in the case of graver offenses, the accusation must state the acts or omissions complained of as constituting the public crime or offense sought to be charged."

The description of the offense charged in an indictment ought to be sufficient to serve three purposes: (1) to the information of the defendant that he may know what offense he is called upon to answer; (2) to the information of the court that it may see a definite offense on record to apply the judgment and the punishment prescribed by law; (3) to the protection of the defendant against a future prosecution of the same offense. *State v. Pearce*, 7 Tenn. 66 (1823); *State v. Fields*, 8 Tenn. 137 (1827), and other cases set out in the annotations to T.C.A. sec. 40-1802.

■ In indictments for misdemeanors a substantial description of the offense is required to reasonably identify the offense for which the defendant is being prosecuted. This is necessary in order that he may know whereof he is accused and may prepare his defense and in the event of a subsequent prosecution it may be made to appear whether he is being prosecuted twice for the same

offense. *Bilbro v. State,* 26 Tenn. 534 (1847); *State v. Pennington,* 40 Tenn. 119 (1859); *State v. Woodson,* 24 Tenn. 55 (1844).

In the Woodson case it was held that an indictment charging selling by false weights to divers persons was too vague and indefinite and bad upon demurrer.

In the case of *Green v. State,* 176 Tenn. 449, 143 S.W.2d 713 (1940) in an opinion by Mr. Justice Chambliss, the Court stated that the fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms.

Again in the case of *Rugg v. State* 141 Tenn. 362, 210 S.W. 630 (1918), the Court stated that,

"* * * in indictments for misdemeanors a substantial description of the offense is required to reasonably identify the offense for which the defendant is being prosecuted."

The indictment in the case *sub judice* merely charges that the defendant engaged in the business of a real estate salesman without first obtaining a license to do so. Just how he so engaged and what he did in connection therewith, for whom he worked as a salesman, and to whom he sold or sought to sell, or the date or dates upon which he did one or more of these things is not set out in the indictment.

The proof shows the details of the alleged misdemeanor, but we are not here concerned with them because the plaintiff in error relies most heavily upon his motion to quash the indictment for the reasons aforesaid.

According to our understanding of the law, we must sustain the motion to quash the indictment in this case at the cost of the State.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.