STATE OF TENNESSEE, Plaintiff in Error,

*v.*

BOBBY JOE YATES, Defendant in Error.

395 S.W.2d 813.

(*Knoxville*, September Term, 1965.)

Opinion filed October 27, 1965.

GEORGE F. MCCANLESS, Attorney General, ROBERT D. HEDGEPATH, Assistant Attorney General, for plaintiff in error.

CONRAD FINNELL, Cleveland, of counsel, FINNELL & THOMPSON, Cleveland, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal by the State of Tennessee from an order of the Trial Judge dismissing a presentment against Bobby Joe Yates, which presentment charged Yates, ''on 22 February 1965 unlawfully did drive an automobile on the public highway or road while his Tennessee Motor Vehicle Operator's license was revoked * * *.'' This presentment under T.C.A. sec. 59-716 is a misdemeanor.

The pertinent part of the order dismissing the presentment is as follows:

Came the State of Tennessee by and through James P. Watkins, its District Attorney General and offered proof that the offense, alleged to have been committed on February 22, 1965 in the presentment, was committed on December 22, 1964, said presentment having been returned at the March, 1965, term of the Grand Jury. Counsel for defendant objected to proof showing the offense to have been committed on December 22,

1964, a date other than that alleged in the presentment; and after hearing said objection, the Court sustained same, to which action of the Court the State excepted and prayed an appeal. Whereupon, the State rested and on motion of the defendant, the Court dismissed said presentment for lack of proof and fatal variance, and thereupon the District Attorney General prayed an appeal on behalf of the State to the next term of the Supreme Court.

This presentment found on 15 March 1965 alleged the date of the offense as 22 February 1965. The proof offered by the State set the date as 22 December 1964. Under T.C.A. sec. 40-204 the statute of limitations for this offense is one year. Then whether the date be 22 December 1964 or 22 February 1965 such would not be barred by the statute of limitations. We say this not to decide the case but to exclude a problem.

In *Nash v. State,* 167 Tenn. 288, 69 S.W.2d 235 (1934) the indictment was for violation of age of consent and the issue was whether the State could prove an offense thereunder occurring prior to the date alleged in the indictment. This Court said:

The indictment reported at the September term, 1932, charged that defendant violated the statute (Code, sec. 10786) by an act of intercourse with Bettie Ann Spears on or about the 11th day of April, 1932. Time not being a material ingredient of the offense, it was sufficient to allege the commission of the offense on any day before the indictment was found. Code, sec. 11632. And proof of the offense could be shown by evidence of its commission on any date prior to that charged in the indictment. *State v. Parker,* 5 Lea, 568. 167 Tenn. 288, 69 S.W.2d 235.

In *Green v. State,* 176 Tenn. 449, 143 S.W.2d 713 (1940) the indictment, for age of consent violation, was found on 4 December 1939 charging the offense on (blank) day of November 1938. The State, after proof, elected to prosecute for the offense committed on 10 January 1939. The court in this case said:

Learned counsel concedes, as we understand the argument, that if the indictment had not specified a time, conviction might have been had for an offense committed at any time prior to the indictment, but that where the indictment fixes a time (here the—day of November) the State cannot elect a date subsequent thereto (here the 10th of January). In *State v. Shaw,* 113 Tenn. 536, 82 S.W. 480, the rule is said to be that "where there is no statute of limitations barring the offense, it is unnecessary to state the date, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense," etc. And this is the general rule, thus well stated in Wharton's Criminal Evidence, pages 1824-1826: "Within the limitations, first, that the offense must be proven to have been committed prior to the finding of the indictment, and, second, that the offense must be proven to have been committed within the time specified by the statute of limitations, and except where a special day is essential, or where time is the essence of the offense, the time of the commission of the offense as averred in the indictment is not material, and the proof is not confined to the time charged."

Furthermore, it is well settled, and we think will be conceded, that the State might properly have elected a date prior to the time charged in the indictment. The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms. Now certainly the defendant was as clearly put on notice to meet the charge of commission of the offense on January 10th in this case as he would have been had the State elected a date in October prior to the time given in the indictment. 176 Tenn. 449, 143 S.W.2d 714.

In *Brown v. State,* 186 Tenn. 378, 210 S.W.2d 670 (1947) one of the assignments of error alleged there was a fatal variance between the indictment and proof. This Court quoting with approval from 27 Am. Jur. Sec. 178 said:

It is the universal rule that variance between pleading and proof in a criminal case is not material * * * where the variance is not of a character which would have misled the defendant at the trial. 186 Tenn. 389, 210 S.W.2d 675.

Under the authority cited herein the issue in the case *sub judice* will be decided by the answer to two questions. (1) Under this presentment was a special day essential or is time the essence of the offense; and (2) would the defendant be prejudiced by proof of violation on a date prior to the one alleged in the presentment.

This presentment presents two fact issues for the State to prove. (1) That defendant's drivers license had been lawfully revoked, and (2) while so revoked defendant operated an automobile upon a public highway or road in the county alleged, within 12 months prior to the finding

of the presentment. A particular date would not be material or in any way a necessary element of the offense. We do not see how defendant could be prejudiced. If defendant's license were lawfully revoked it would be a violation for him to drive either on the date alleged or the date shown by the evidence. We do not hold there could not be prejudice by the State proving a date other than the one shown in an indictment. We do hold the fact the State proves another date does not, of itself, show prejudice. In the record before us no prejudice is shown.

The defendant insists the cases of *Nash v. State* and *Green v. State,* supra are not in point since they involve violations of age of consent where the State is permitted to prove acts of intercourse either before or after the time alleged in the indictment. Based upon this correct premise it is argued the holding in such cases, on the point here at issue, results primarily from the particular rules of evidence applicable to such cases. We do not agree. The holdings in these cases would apply to all indictments or presentments. In the Nash case the Court in support of their holding therein cite *State v. Parker,* supra, which involved an indictment for murder in the second degree. In the Green case the court in support of their holding therein cite *State v. Shaw,* supra, which involved an indictment for trespass.

It results the judgment of the Trial Judge is reversed and the cause remanded.