BOBBY RAY ROBERTS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—474 S.W.2d 165.

June 30, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Carl Eilers, Kingsport, for plaintiff in error.

David M. Pack, Attorney General, Charles W. Cherry, Nashville, Edgar P. Calhoun, Assistant District Attorney General, Kingsport, Carl W. Massengill, Assistant District Attorney General, Carl K. Kirkpatrick, District Attorney General, Blountville, for defendant in error.

O'BRIEN, J. Bobby Ray Roberts was tried in the Criminal Court of Sullivan County on three indictments charging him with two offenses of burglary, and one of felonious assault. The jury found him guilty on one charge of breaking and entering a dwelling house, fixing punishment at five years; guilty of one charge of felonious assault, fixing punishment at twelve years; and guilty on one charge of breaking and entering a house other than a dwelling, with punishment fixed at three years. The trial court rendered a judgment on the first charge of not less than five years nor more than five years in the State Penitentiary; on the felonious assault charge, judgment was rendered for not less than three nor more than twelve years in the State Penitentiary, to run consecutively with the former sentence; judgment in the third case for breaking into a house other than a dwelling was for not less than three nor more than three years in the State Penitentiary to run concurrently with the former sentences. Motion for new trial was overruled, and an appeal was effected to this court.

The motion for new trial in the lower court consisted of nine grounds set forth as the basis for a new trial. Three assignments of error are made in this court.

1. There was prejudicial error in the trial of the case because of the improper and prejudicial argument

to the jury by the Assistant Attorney General wherein references and accusations of rape and intent to rape were made, and before the defense attorney could object, the trial judge, recognizing the highly prejudicial nature of the remarks, instructed the jury to disregard the said remarks.

2. There was error because the Assistant Attorney General, intentionally and with the specific purpose of arousing the passion of the jury, engaged in speculation and made accusations of rape and intent to rape, and the passion of the jury was aroused so as to preclude the defendant from being given a fair, impassionate, and impartial trial.

3. The learned trial court erred in overruling the defendant's motion for new trial.

The assignments of error may be considered together, and we have concluded, after examination of this record, that they must be overruled.

■ Assignments Nos. 1 and 2 apply to remarks of the Assistant Attorney General in argument transcribed at Page 179 of the Bill of Exceptions. The remarks of the Attorney General complained of referred to an obscene note left in a house trailer which had been forcibly entered, the note having been included in this record as State's Exhibit No. 5. The tenor of the remarks was to speculate about the mind of a person who would leave such a note. While the remarks may have, in some circumstances, exceeded the realm of propriety, we do not consider them improper in view of the evidence in this case. The note was properly admitted in evidence for consideration by the jury as an element of some of the

offenses charged. When the trial court heard the Attorney General's remarks in reference to the note, he immediately instructed the jury to disregard that portion of the argument and we are satisfied that this action on the part of the trial court, together with the overwhelming evidence of guilt in this case, rendered the statement by the Attorney General harmless and eliminated any likelihood of prejudice to the defendant. We cannot find any intent on the part of the Attorney General to arouse the passion or the prejudice of the jury by his remarks, nor do we believe the argument had any such effect.

■ Assignment of error No. 3 is merely a generalization, not supported by any proposition of law or fact, or sustained by any citation of authority, and accordingly is overruled.

In reviewing this record, we have examined the various grounds set forth in the motion for new trial, and find them without merit. The evidence in this case was overwhelming; the verdict of the jury was well within the limits prescribed by statute and certainly is not excessive, nor is the verdict demonstrative of passion or prejudice. There was no abuse of discretion on the part of the trial judge.

We do not fully comprehend the argument filed by defense counsel unless its purpose is to remind us of our duties as a reviewing court. The argument is not oriented to the brief, neither do the cases cited apply to the assignments of error, nor to the argument. We do not commend the practice.

We have fairly examined the record in this case. There does not appear any error prejudicial to the rights of the appellant. The judgment of the trial court is affirmed.

Oliver and Dwyer, JJ., concur.