**Jessie Orion PRINCE, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 18, 1975.

Certiorari Denied by Supreme Court Sept. 2, 1975.

Marvin E. Gordon, Shelbyville, for plaintiff in error.

Milton P. Rice, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, for defendant in error.

OLIVER, Judge.

## OPINION

The defendant below, Jessie Orion Prince, is in this Court by his appeal in the nature

of a writ of error contesting the validity of his conviction of concealing stolen property valued in excess of $100, for which he was sentenced to imprisonment in the State Penitentiary for not less than three nor more than six years. He has been represented throughout by retained counsel, releasing his trial attorney and employing another after his case reached this Court.

As is usually the case, the defendant assails his conviction upon the ground that the evidence preponderates against the verdict of the jury and in favor of his innocence, basing that insistence in part upon his contention that the verdict rests solely upon the uncorroborated testimony of accomplices. He elected not to testify or present any evidence.

In summary, the evidence shows that during the night of August 19, 1971 the Ashby Hardware Store in Fayetteville, Lincoln County, was burglarized and 41 assorted guns were stolen; that 36 of the guns, of the aggregate wholesale value of $3700, which the store owner identified by his purchase invoices and serial numbers, were returned to him by the Lincoln County Sheriff at the county jail on 23 September 1971; that in the latter part of August of 1971, the defendant contacted Kenneth Nichols and asked him if he was interested in buying some guns, and as a result of their conversations Nichols went to the defendant's home in Bedford County and examined 37 guns the defendant had in a storage room of his house; that Nichols discussed the matter with Coy Landers and they decided to buy the guns together and Landers gave him $1400 as his share of the purchase price; that Nichols borrowed Clay Martin's car and he and his son went to the defendant's house where Nichols and his son and the defendant loaded the guns into the car and he paid the defendant for them a day or two later; that when Nichols returned Martin's car to his place of business Martin was interested in buying the guns but didn't have the money and they were left in the trunk of Martin's car overnight; that the next day Nichols took the

guns to Landers' apartment and they stored them in the basement; and that about six weeks later Bedford County Sheriff Sanders, Lincoln County Deputy Sheriff Askins and Tennessee Bureau of Identification Agent Winningham talked with Nichols at his place of employment about the guns and he and Landers went to the latter's apartment and got the guns and delivered them to the officers at a roadside park in Bedford County, and the guns were then taken to the Lincoln County Jail where the owner identified them.

Tested by the familiar rules governing appellate review of the evidence in criminal cases when its sufficiency is challenged on appeal, enunciated almost countless times by the Supreme Court of this State and by this Court and to which we must adhere, *Webster v. State,* 1 Tenn.Cr.App. 1, 425 S.W.2d 799; *McGill v. State,* 4 Tenn.Cr.App. 710, 475 S.W.2d 223, surely it cannot be said that the evidence in this case is insufficient to warrant and support the verdict of the jury.

 Nor is there any merit in the defendant's claim that the verdict is founded on the uncorroborated testimony of accomplices. An accomplice is one who knowingly, voluntarily and with common intent *unites with the principal offender in the commission of the crime.* Hicks v. State, 126 Tenn. 359, 149 S.W. 1055; *Monts v. State,* 214 Tenn. 171, 191, 379 S.W.2d 34; *Moore v. State,* 1 Tenn.Cr.App. 190, 432 S.W.2d 684; *McAfee v. State,* 3 Tenn.Cr.App. 424, 426, 463 S.W.2d 141; *Pennington v. State* (Tenn.Cr.App.), 478 S.W.2d 892. Unquestionably, under this legal definition of the term and the facts and circumstances shown in the proof, Kenneth Nichols was not an accomplice. The defendant's crime of concealing stolen property occurred before Nichols bought the guns from him, and there is no evidence that Nichols collaborated in the defendant's concealment of the guns. It may be that Nichols and Landers were guilty separately, but certainly neither of them joined or united with the

defendant in his own crime of concealing the guns. For the same reasons Nichols' son was not an accomplice of the defendant. Thus, not being accomplices, the established rule that a conviction cannot be had upon the uncorroborated testimony of an accomplice, *Henley v. State* (Tenn.Cr.App.), 489 S.W.2d 53; *Scola v. State,* 4 Tenn.Cr.App. 485, 474 S.W.2d 144; *Monts v. State,* supra; *State v. Fowler,* 213 Tenn. 239, 245, 373 S.W.2d 460, has no application to their testimony and cannot be invoked by this defendant. Their testimony stood alone and did not have to be corroborated.

■ In another Assignment the defendant complains of the trial court's failure to dismiss prospective juror Stubblefield for cause during the voir dire examination. After some discussion with this prospective juror, in which the District Attorney General and defense counsel and the court participated (in which Mr. Stubblefield indicated some misgivings about whether he could decide the case fairly and impartially on the evidence because of his past experiences in acquiring and operating a restaurant, his accounts, and having a plate glass window broken out by vandals— but said he would enter into the trial with an open mind and do his best to be fair and impartial), the court ruled that he was competent. When defense counsel excepted, the court reminded him that he had a challenge left if he wanted to use it to excuse this juror. In his argument here, defense counsel admits that he had one peremptory challenge left. This Assignment must be overruled. Where the defendant in a criminal prosecution has peremptory challenges remaining and does not exercise them, he cannot complain of the court's action in overruling his challenge of a qualified and competent juror for cause. *Hale v. State,* 198 Tenn. 461, 281 S.W.2d 51. We are satisfied that the trial court correctly held Mr. Stubblefield was qualified and competent as a juror.

■ Assignments that the court erred "in permitting the prosecutor to ask leading questions of his own witnesses throughout the trial," and "in permitting the prosecutor to improperly present evidence by his own witnesses throughout the trial," "in permitting the prosecutor to improperly produce evidence through witness, TBI Agent Winningham, whose conduct and statements were highly improper during cross-examination and by permitting the prosecutor to improperly produce evidence through Kenneth Nichols due to his condition," and "in not striking improper arguments before the jury" must fail because they are not accompanied by any brief containing a citation of the authorities relied upon nor any citations to the record relied upon to show each proposition of fact alleged. *Tennessee Supreme Court Rules 15 and 17(1),* duly adopted by this Court (2 Tenn.Cr.App. 746); *Roberts v. State,* 4 Tenn.Cr.App. 537, 474 S.W.2d 165; *Rockett v. State* (Tenn.Cr.App.), 475 S.W.2d 561.

■ The remaining Assignments of Error, viz., that the trial court erroneously refused to quash the indictment due to insufficiency as to date and time, erroneously allowed the District Attorney General to introduce secondary evidence in the form of a list of the guns allegedly taken instead of the guns which could have been held and used as evidence, and erroneously took over the examination of a witness and asked questions "designed to insure the admissibility of certain evidence," and erred in refusing to allow defense counsel "to clear up a question on cross-examination and to have that witness answer the question, and in ordering the attorney to proceed to the next question," were not included in the defendant's motion for a new trial. Thus, he is confronted by the settled rule that, having failed to raise these questions in his new trial motion, he is precluded from raising them here for the first time. The law of this State is that, absent any patent invalidating error, the trial judge will not be put in error upon matters not brought to his attention for correction in the motion for a new trial, and Assignments of Error which were not incorporated in the new

trial motion will not be considered on appeal. *Jenkins v. State* (Tenn.Cr.App.), 509 S.W.2d 240; *Pulley v. State* (Tenn.Cr.App.), 506 S.W.2d 164; Rule 14(4) and (5) of the Tennessee Supreme Court Rules, adopted by this Court (2 Tenn.Cr.App. 746).

■ Without retreating from those fundamental principles, it is appropriate to add that the indictment in this case is not defective for omitting to state the month and day in 1971 when the alleged offense was committed.

TCA § 40 1808 provides:

"Time of offense.—The time at which the offense was committed need not be stated in the indictment, but the offense may be alleged to have been committed on any day before the finding thereof, or generally before the finding of the indictment, unless the time is a material ingredient in the offense."

The punishment for concealing stolen property having a value of more than $100 is penitentiary imprisonment for not less than three nor more than 10 years. TCA § 39 4217(C). A prosecution for that offense shall be commenced within four years next after the commission of the offense. TCA § 40 203. The indictment in this case was returned on April 4, 1972 and alleged that the offense occurred in 1971. Thus, this prosecution was commenced long before expiration of the applicable statute of limitations, TCA § 40 203.

The rule is that the offense must be proved to have been committed prior to the finding of the indictment and within the time specified by any applicable statute of limitations; and, except where a special date is essential or time is of the essence of the offense, the time of the commission of the offense averred in the indictment is not material, and proof is not confined to the time charged. *State ex rel. Tines v. Bomar*, 205 Tenn. 572, 329 S.W.2d 813, cert. den. 363 U.S. 822, 80 S.Ct. 1262, 4 L.Ed.2d 1519.

This rule is explained in *State v. Shaw*, 113 Tenn. 536, 82 S.W. 480:

"The rule to be deduced from our cases is that, where there is no statute of limitations barring the offense, it is unnecessary to state the day, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense, as of offenses committed against laws passed for the preservation of the Sabbath, or unless the time is important to bring the offense within the operation of new or amended statutes or the like; but where there is a statute of limitations that bars the offense there should be a sufficiently definite averment of time in the indictment to show that the offense was committed within the statutory limit; and, finally, that where an impossible date is given, as in the present indictment, it will be disregarded if the offense is one as to which there is no statute of limitations, or as to which the date itself is not important."

And in *Green v. State*, 176 Tenn. 449, 143 S.W.2d 713, the Court said:

"In *State v. Shaw*, 113 Tenn. 536, 82 S.W. 480, the rule is said to be that 'where there is no statute of limitations barring the offense, it is unnecessary to state the date, or even the year, but it is sufficient to aver generally that the offense was committed before the finding of the indictment; that it is not necessary to state in any case the day on which the offense was committed, unless the day itself is of the essence of the offense,' etc. And this is the general rule, thus well stated in Wharton's Criminal Evidence, pages 1824 1826: 'Within the limitations, first, that the offense must be proven to have been committed prior to the finding of the indictment, and, second, that the offense must be proven to have been committed within the time specified by the statute of limitations, and except where a special day is essential, or where time is the essence of the offense, the time of the

commission of the offense as averred in the indictment is not material, and the proof is not confined to the time charged.' "

In accord is *State v. Yates,* 217 Tenn. 160, 395 S.W.2d 813.

See also: *Bosley v. State,* 218 Tenn. 134, 401 S.W.2d 770.

 Nor is there any substance to the defendant's complaint that the court ignored the best evidence rule in permitting introduction of the list of the guns instead of the guns themselves. The best evidence rule applies only to writings and documents. *Brown v. State,* 186 Tenn. 378, 210 S.W.2d 670; *Williams v. State,* 179 Tenn. 247, 165 S.W.2d 377.

Affirmed.

WALKER, P. J., and O'BRIEN, J., concur.