# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ROBERT HOWELL v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 05-CR-8673   R. Lee Moore, Judge**

---

**No. W2005-00521-CCA-R3-HC  - Filed June 27, 2005**

---

The Petitioner, Robert Howell, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND J.C. MCLIN, JJ.  joined.

Robert Howell, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In 1992, a Shelby County jury found the Petitioner guilty of first degree murder.  The Petitioner was subsequently sentenced to life in prison.  On October 13, 1993, this Court affirmed his conviction and our supreme court denied his application to appeal on March 7, 1994.  *See State*

1

*v. Robert L. Howell*, No. 02C01-9211-CR-00249, 1993 WL 413755, *1 (Tenn. Crim. App., at Jackson, Oct. 13, 1993), *perm. to appeal denied*, (Tenn. Mar. 7, 1994). On April 11, 1996, the Petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel. *See Robert L. Howell v. State*, No. 02C01-9705-CR-00194, 1998 WL 188528, *1 (Tenn. Crim. App., at Jackson, Apr. 21, 1998). Relief was denied and this Court affirmed on direct appeal. *Id.* Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On January 11, 2005, the Petitioner filed a petition for writ of habeas corpus relief in the Lake County Circuit Court. As grounds for relief, Petitioner alleged first, that the indictment was fatally flawed, rendering all subsequent proceedings void . Next, he contends that his trial violated double jeopardy principles, thereby rendering his conviction void. On January 31, 2005, the trial court denied habeas corpus relief. In denying relief, the trial court entered the following findings of facts and conclusions of law:

> . . . The indictment is legally sufficient because it meets constitutional standards by providing adequate notice, sufficient basis for entry of judgment and protection from double jeopardy. The indictment meets statutory requirements because the language is clear, concise and understandable to enable a person of common understanding to know what is intended, and with a degree of certainty which will enable the Court, on conviction, to pronounce a proper judgment. The Court also finds that Double Jeopardy is not a factor in this case.
>
> . . . The sentence has not expired, nor is the sentence void. The issues raised by the petitioner are without merit. . . .

Petitioner timely filed a notice of appeal document on February 22, 2005.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.2d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State,* 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn. 1998). "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Id.* (citations omitted).

The Petitioner contends that the indictment is defectively flawed because the indictment charged both first degree premeditated murder and first degree felony murder committed during the perpetration of a felony. He argues that "both charges rely on a state of mind which is anathema to the other." He concludes that "[a]s both charges . . . exclude the possibility of the other, the State committed reversible error by not electing the appropriate charged offense and striking the other." Petitioner further complains that the charge of felony murder was also fatally flawed in that it did not provide the elements of the underlying felony, *i.e.*, robbery. Thus, he contends that he was not provided notice of the charge on which he was called to defend.

The presentment provided:

Count 1

The Grand Jurors of the State of Tennessee . . . present that:

ROBERT L. HOWELL

on July 26, 1991, in Shelby County . . . and before the finding of this indictment, did unlawfully kill CHRISTOPHER GARLOCK during the perpetration of AGGRAVATED ROBBERY, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

Count 2

The Grand Jurors of the State of Tennessee . . . present that:

ROBERT L. HOWELL

on July 26, 1991, in Shelby County . . . and before the finding of this indictment, did unlawfully, intentionally, deliberately and with premeditation kill CHRISTOPHER GARLOCK, in violation of T.C.A. 39-13-202, against the peace and dignity of the State of Tennessee.

An indictment or presentment is sufficient if (a) it contains the elements of the offense which is intended to be charged, (b) it adequately apprises the accused of the offense he is called upon to defend, (c) the trial judge knows to what offense he must apply the judgment, and (d) the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a future prosecution for the same offense. *See generally Jackson v. Virginia*, 443 U.S. 307, 314 (1979). Again, Petitioner contests the charging of alternative "conflicting" counts in the indictment. The two-count indictment charged the single offense of first degree murder by alternative theories; namely, felony murder and premeditated murder. Alternative theories of guilt within a single indictment are permissible. *See State v. Bruce Marvin Vann,* No. W2002-00161-CCA-R3-CD, 2003 WL 170227, *1 (Tenn. Crim. App., at Jackson, Mar. 31, 2003), *perm. to appeal denied*, (Tenn. Oct. 6, 2003); *Javier Soto-Hurtado v. State*, W2000-03173-CCA-R3-CO, 2001 WL 1426564, *3 (Tenn.

3

Crim. App., at Jackson, Nov. 9, 2001). Petitioner also challenges the felony murder indictment as it fails to allege the elements of the underlying felony. This court has, on prior occasions, said that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary. *See State v. Alfonzo E. Anderson*, No. W2000-00737-CCA-R3-CO, 2002 WL 1558491, at *2 (Tenn. Crim. App., at Jackson, Jan. 9, 2002) (citing *State v. Jimmy Wayne Baker,* No. W1998-00531-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Jackson, Mar. 14, 2001), *perm. app. denied* (Tenn.2001); *Alan D. Lawhorne v. State,* No. 273 (Tenn. Crim. App., Knoxville, May 31, 1990), *perm. app. denied* (Tenn.1990)). Accordingly, the State was not required to charge the elements of aggravated robbery in the indictment. "The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms." *Green v. State,* 143 S.W.2d 713, 715 (Tenn. 1940); *see also State v. Mayes,* 854 S.W.2d 638, 640 (Tenn. 1993). We believe that the indictment in this case fulfills its purpose. It references a specific statutory section and specifies different possible intents and different means by which the defendant could have accomplished the crime. The content of the indictment was sufficient to place the Petitioner on notice of the nature of the charges, confer jurisdiction upon the trial court, and protect against double jeopardy. Thus, Petitioner is not entitled to habeas relief as to this claim.

Petitioner next contends that, because he was charged with two counts of first degree murder, he ran the risk of being convicted twice and being sentenced for one unlawful act. He also complains that he was denied the right to an unanimous verdict by the jury as a result of the alternative counts. An allegation of double jeopardy or jury unanimity does not render a conviction void.[1] *See William A. Ransom v. State,* No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), *perm. to appeal denied,* (Tenn. Feb. 5, 1996). Rather, such a challenge would merely render the judgment voidable. Thus, these claims are not cognizable in a habeas corpus proceeding

---

[1] Even had these claims been cognizable in this proceeding, the Petitioner would not be entitled to relief. Regarding Petitioner's double jeopardy claim, the judgment form reflects that the Petitioner was convicted of felony murder, not premeditated murder. Thus, he was not convicted nor punished twice for the same offense, and he was not subjected to a double jeopardy violation. Moreover, the supreme court has held that in cases involving a single offense but alternate theories for the defendant's committing that offense, a jury unanimity problem is not implicated. *See State v. Keen,* 31 S.W.3d 196, 208 (Tenn.2000) (stating that "research reveals no case ... in which we have held that the right to a unanimous jury verdict encompasses the right to have the jury unanimously agree as to the particular theory of guilt supporting conviction for a single crime"); *State v. Lemacks,* 996 S.W.2d 166, 170-71 (Tenn.1999) (holding in a driving while under the influence case that a general verdict of guilty did not present a unanimity problem even though some evidence indicated that the defendant was driving the car while other evidence indicated that he was criminally responsible for another person driving the car); *State v. Cribbs,* 967 S.W.2d 773, 787 (Tenn.1998) (jury's finding the defendant guilty of first degree murder raised no verdict unanimity problem even though some jurors may have believed the defendant committed felony murder while others believed he committed premeditated murder).

For the reasons stated herein, we conclude that the trial court did not err in dismissing the petition for habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE