# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARLON THOMAS v. STEVE DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-154    Joe H. Walker, III, Judge**

---

**No. W2006-01157-CCA-R3-HC  - Filed December 8, 2006**

---

The Petitioner, Marlon Thomas, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Marlon Thomas, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

In July 2002, the Shelby County Grand Jury returned an indictment charging the Petitioner, Marlon Thomas, with two alternative counts of aggravated robbery.  Petitioner Thomas entered a guilty plea on December 12, 2003, to one count of aggravated robbery as charged in count 1 of the

indictment.[1]  For this offense, Petitioner Thomas received a sentence of fourteen years as a multiple offender in the Tennessee Department of Correction.

On May 18, 2006, the Petitioner filed a petition for writ of habeas corpus relief in the Hardeman County Circuit Court.  As grounds for relief, Petitioner alleged "aggravated robbery indictments, failed to allege an offense, and was thereby void. . . ."  Specifically, Petitioner Thomas argued that the indictment "did not allege the required element of intent, nor did it allege that the Petitioner placed the victim in fear of her life."  On May 26, 2006, the  trial court denied habeas corpus relief, finding that the "indictment attached includes the required language.  The indictment alleges knowingly."  The trial court further found that the Petitioner's sentences had not expired and that the court had jurisdiction to sentence the defendant to the sentence received.  Petitioner timely filed a notice of appeal document on June 2, 2006.

The grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).  Relief will be granted if the petition establishes that the challenged judgment is void.  *Id.*  A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman*, 153 S.W.2d at 20 (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)).

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State,* 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn. 1998).  "A valid indictment is an essential jurisdictional element, without which there can be no prosecution." *Id.* (citations omitted).

The Petitioner contends that the indictment is defectively flawed because the indictment failed to charge the *mens rea* of the offense of aggravated robbery.  The indictment provided:

Count 1

> The Grand Jurors of the State of Tennessee . . . present that:
>
> MARLON THOMAS
>
> on August 12, 2002, in Shelby County . . . and before the finding of this indictment, did unlawfully, knowingly, and violently, by use of a deadly weapon, to wit: Handgun, obtain from the person of PAT TIGRETTE, a purse and its contents, ,

---

[1]The record is absent the disposition of Count 2 of the indictment.  The Petitioner maintains that count 2 was dismissed and does not raise a challenge to this count in his habeas corpus petition.

proper goods and chattels of PAT TIGRETTE, in violation of T.C.A. 39-13-402, against the peace and dignity of the State of Tennessee.

An indictment or presentment is sufficient if (a) it contains the elements of the offense which is intended to be charged, (b) it adequately apprises the accused of the offense he is called upon to defend, (c) the trial judge knows to what offense he must apply the judgment, and (d) the accused knows with accuracy to what extent he may plead a former acquittal or conviction in a future prosecution for the same offense. *See generally Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781, 2789 (1979). "The fundamental test of the sufficiency of an indictment is the adequacy of the notice to the defendant conveyed by its terms." *Green v. State,* 143 S.W.2d 713, 715 (Tenn. 1940); *see also State v. Mayes,* 854 S.W.2d 638, 640 (Tenn. 1993). The indictment in this case fulfills its purpose. It references a specific statutory section and specifies the intent and the means by which the defendant accomplished the crime. The content of the indictment was sufficient to place the Petitioner on notice of the nature of the charge, confer jurisdiction upon the trial court, and protect against double jeopardy. Moreover, contrary to the Petitioner's argument, aggravated robbery requires only that the "theft of property from the person of another" is "by violence <u>or</u> putting the person in fear." *See* T.C.A. § 39-13-401(a). Thus, Petitioner is not entitled to habeas relief as to this claim.

The Petitioner also contends on appeal to this Court that the "indictments rendered [were] not presented or handed down by a Grand Jury." As properly noted by the State, an appellate court will not consider an issue raised for the first time on appeal. *State v. Alvarado,* 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996).

For the reasons stated herein, we conclude that the trial court did not err in dismissing the petition for habeas corpus relief. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE